**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHELSEA MURPHY, | No. 1:21-cv-05622-NLH-AMD |
| Plaintiff, | |
| v. | **OPINION** |
| AMAZON FULFILLMENT SERVICES INC. d/b/a AMAZON FULFILLMENT CENTER TEB3; and JOHN DOES 1-5 AND 6-10, | |
| Defendants. | |

**APPEARANCES**:

KEVIN M. COSTELLO
MIRIAM S. EDELSTEIN
COSTELLO & MAINS, P.C.
18000 HORIZON WAY
SUITE 800
MOUNT LAUREL, NJ 08054

   *On behalf of Plaintiff.*

TYLER J. HILL
EMILY C. DESMEDT
MORGAN, LEWIS & BOCKIUS LLP
502 CARNEGIE CENTER
PRINCETON, NJ 08540

   *On behalf of Defendant.*

**HILLMAN**, **District Judge**

   Before the Court is Amazon Fulfillment Services, Inc.'s

("Defendant") motion to dismiss Chelsea Murphy's complaint (ECF

6).  For the reasons expressed below, Defendant's motion will be granted in part and denied in part.

## BACKGROUND

The Court takes the facts alleged in the complaint as true for purposes of analyzing the motion to dismiss.  Plaintiff was hired as a packer for Defendant in August 2019.  Plaintiff is female.  Around February 2020, Plaintiff began being sexually harassed by a male coworker who made lewd comments about her body, followed her around the workplace, solicited sex and called Plaintiff inappropriate nicknames.  Plaintiff alleges that she advised her process assistant of the harassment and the process assistant told her that she needed to report the behavior to Human Resources with proof.  Around August 2020, Plaintiff's male coworker made further sexual comments about Plaintiff.  Plaintiff's husband, who also worked for Defendant, confronted the male coworker about the harassment.

On or about August 11, 2020, Plaintiff reported the male coworker's harassment to human resources.  At approximately the same time, the male coworker reported the fact that Plaintiff's husband confronted him to Human Resources.  Defendant immediately suspended Plaintiff's husband and terminated him two days later.  Plaintiff alleges that the male coworker's sexual harassment of her continued unabated and that when she spoke to a supervisor about it he tersely replied that the situation had

been handled.

Around September 1, 2020, the male coworker made further harassing comments and Plaintiff lodged another complaint with Human Resources. Human Resources offered to move Plaintiff's workstation and Plaintiff indicated that she would prefer that the male coworker be moved. Human Resources agreed to do so during Plaintiff's break, but when Plaintiff returned from her break, the male coworker was still in her area. In fact, he moved even closer to Plaintiff. Plaintiff reached back out to Human Resources and received no response. The male coworker continued to harass her until she was finally terminated in late September 2020.

On the day of her termination, Plaintiff went to her car in Defendant's parking lot and discovered a cracked and flat tire. She reported the tire to Human Resources and asked why it took so long for them to handle her sexual harassment complaints. Plaintiff was advised by the Head of Human Resources that the person who had been handling her sexual harassment complaint had quit. When Plaintiff pressed for further information, the Head of Human Resources told her "Well, we did our job, and that's that."

Plaintiff alleges that Defendant is liable for sexual harassment, sex discrimination, and retaliation in violation of the New Jersey Law Against Discrimination and seeks equitable

relief as appropriate.  Plaintiff also requests punitive damages.  Defendant moves to dismiss Plaintiff's claims for sex discrimination and retaliation, as well as the request for punitive damages.  The Court will consider the parties' arguments below.

## DISCUSSION

I. Subject Matter Jurisdiction

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

II. Standard of Review

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

4

cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d

5

203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

   III. Analysis

Defendant moves to dismiss Plaintiff's claims for sex discrimination and retaliation under the NJLAD. To state a claim for discrimination under the NJLAD, "a plaintiff must

6

first establish that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) that adverse employment action gives rise to an inference of unlawful discrimination." Medley v. Atl. Exposition Servs., Inc., 2021 WL 3144889, at *16 (D.N.J. July 26, 2021).

To make out a retaliation claim under the NJLAD, "an employee must demonstrate: (1) the employee engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action." Martone v. Jet Aviation Flight Servs. Inc., 2020 WL 3969919, at *6 (D.N.J. July 13, 2020) (internal quotation marks omitted).

Once that showing has been made for each claim, "'[t]he burden of going forward then shifts to the employer to rebut the presumption of undue discrimination by articulating some legitimate, nondiscriminatory reason for the' adverse action." Tegler v. Glob. Spectrum, 291 F. Supp. 3d 565, 594-95 (D.N.J. 2018). At that point, "[t]he plaintiff then has the opportunity to prove by a preponderance of the evidence that the legitimate nondiscriminatory reason articulated by the defendant was not the true reason for the employment decision but was merely a

7

pretext for discrimination." Grigoletti v. Ortho Pharm. Corp., 570 A.2d 903, 907 (1990).

The Court agrees with Defendant that Plaintiff has not stated a plausible claim for sex discrimination against it, because she has not identified an adverse employment action as recognized by the NJLAD. An "adverse employment action" means an action that is "'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" Whitehead v. Cty. of Monmouth, 2015 WL 7776896, at *3 (D.N.J. Dec. 2, 2015) (quoting Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004)).

Here, Plaintiff only has alleged that she suffered a six-week delay in Defendant's processing of her complaint. The court holds that, as stated, the six-week delay in processing Plaintiff's complaint does not state a plausible adverse employment action for purposes of a sex discrimination claim. Stewart v. Union Cty. Bd. of Educ., 655 F. App'x 151, 157 (3d Cir. 2016) (collecting cases where short delays and inconveniences in employment environments alone did not amount to adverse employment action). That said, there have been circumstances where a delay considered with other circumstances amounted to an adverse employment action. See Gunnings v. Borough of Woodlynne, 2007 WL 4591290, at *8 (D.N.J. Dec. 28, 2007) ("[T]he six month delay could amount to an adverse

8

employment action if it resulted in withholding salary and benefits eligible only to full-time officers.") If Plaintiff is able to plead with more particularity why the delay rose to the level of an adverse employment action, the count may proceed.[1] The Court will give Plaintiff leave to amend her sexual discrimination claim.

Conversely, the Court holds that Plaintiff successfully stated a claim for retaliation and will deny the motion to dismiss on that count. Critically, for retaliation, adverse employment actions are construed more broadly than adverse employment actions for purposes of discrimination. Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006), as amended (Sept. 13, 2006) ("[T]he anti-retaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment.' Because the discrimination and retaliation provisions 'are not coterminous,' the Court concluded that '[t]he scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and

---

[1] The Court takes note of Plaintiff's argument that it should consider the firing of her husband as an adverse employment action for purposes of her discrimination claim. However, the Plaintiff has not cited to, and the Court is not aware of, any cases in the discrimination rather than retaliation context in which termination of someone other than the plaintiff was imputed to the plaintiff.

9

harm.'" (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67, 126 S. Ct. 2405, 2414, 165 L. Ed. 2d 345 (2006)) (internal citations omitted).[1]  An action could be considered retaliatory if it is "materially adverse" in that it "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id.  Plaintiff's allegations that Defendant promptly fired her husband when her alleged harasser complained about him but took weeks to process her complaint satisfies that court that Plaintiff has identified an action that might dissuade a reasonable worker from making or supporting a claim of discrimination.  These allegations are sufficient to entitle Plaintiff to proceed with her claim of retaliation.

Finally, the Court agrees with Defendant that Plaintiff's demand for punitive damages in the complaint is not supported by the allegations.  To be entitled to punitive damages, Plaintiff

---

[1] Moore specifically discussed retaliation and discrimination under Title VII, 42 U.S.C. § 2000e, et seq.  Courts have acknowledged that claims for discrimination and retaliation under Title VII and the NJLAD are analyzed under the same standard. Tourtellotte v. Eli Lilly & Co., 636 F. App'x 831, 843 (3d Cir. 2016) ("[T]he standards for both race and sex discrimination are nearly identical for claims brought under Title VII and NJLAD[.]"); Wilson v. New Jersey, 2019 WL 5485395, at *4 (D.N.J. Oct. 25, 2019) ("Though alleged in different counts of the Complaint, Plaintiff's gender discrimination and retaliation claims are brought under both Title VII and the NJLAD. Because courts generally apply the same basic principles to claims brought under Title VII and the NJLAD, these claims will be analyzed together.").

10

must show that Defendant's conduct was egregious and that upper management had actual participation in the conduct or was willfully indifferent to the conduct.  Stowell v. Black Horse Pike Regional School District, 2019 WL 6044937, at *10 (D.N.J. 2019) (citations omitted) ("The NJLAD permits recovery of punitive damages in cases where two elements are met: 'the offending conduct must be especially egregious; and there must be actual participation in or willful indifference to the wrongful conduct on the part of upper management.'").  Mere negligence is not enough to trigger entitlement to punitive damages.  Lehmann v. Toys R Us, Inc., 132 N.J. 587, 624, 626 A.2d 445, 464 (1993) ("Concerning punitive damages, we agree with the Appellate Division that a greater threshold than mere negligence should be applied to measure employer liability.").

    Here, Plaintiff alleges that when she asked a supervisor why her husband had been fired, the supervisor simply told her that the issue had been handled and the head of Human Resources told her that the delay in disposing of her complaint was due to the fact that the individual responsible for handling it had quit.  Without more, this does not suggest willfulness by upper management at Defendant.  However, the Court will grant leave to amend in order for Plaintiff to state particular facts that would plausibly entitle her to recover punitive damages.

## **CONCLUSION**

For the reasons expressed above, Defendant's motion will be granted in part and denied in part. The Court will grant Plaintiff leave for thirty (30) days to amend her complaint with regard to her sex discrimination claim and her demand for punitive damages.

An appropriate Order will be entered.


Date: March 31, 2022                    /s    Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.